IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Reissue Application of:                          )
                                                       )
Edward Beverly Morrison *et al.*                       )    PTAB Appeal No. 2012-012266
                                                       )
U.S. Application Serial No. 12/827,650                 )    Confirmation No.5461
                                                       )
Filed: June 30, 2010                                   )    Examiner: Jay M. Patidar
                                                       )
For:  AIRBORNE ELECTROMAGNETIC                         )
      TIME DOMAIN SYSTEM,                               )
      COMPUTER PRODUCT AND                              )
      METHOD                                            )

**ATTN:**
Office of the General Counsel
United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, VA  22314

## NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Dear Director:

Applicants, Edward Beverly Morrison et al., appeal the DECISION ON APPEAL with a mailing date of July 18, 2013 ("Decision"), by the Patent Trial and Appeal Board ("PTAB") in Appeal No. 2012-012266, involving the above-referenced reissue application.

This Notice of Appeal complies with the time limits prescribed by 37 C.F.R. § 90.3(a) (1) because it is being filed no later than sixty-three (63) days of the final Board decision. A copy of that Decision is attached.

Pursuant to Federal Circuit Rule 15(a) (1), three copies of this notice of appeal and the

$450 fee required by 28 U.S.C. § 1913 and Federal Circuit Rule 52(a) (3) (A) are being hand-

carried today to the United States Court of Appeals for the Federal Circuit; and a copy of the

Notice of Appeal is being filed simultaneously filed with the Patent Trial and Appeal Board as

provided in 37 C.F.R. § 42.6(b).

Date:   September 13, 2013

Respectfully submitted,

Thomas P. Pavelko
Reg. No.: 31,689
Novak Druce Connolly
Bove + Quigg, LLP
1875 Eye Street, NW
Washington, DC 20006
Tel.: 202.659.0100
Fax.: 202.659.0105
Attorneys for Edward Beverly Morrison,
  et al.
Patent Applicants

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

In re Morrison                                    )
                                                  )
Application No. 12/827,650                        )        Appeal No. 2014-
_____  )

## NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal Circuit was timely filed on September 13, 2013 in the United States Patent and Trademark Office in connection with the above-identified proceeding. Pursuant to 35 U.S.C. § 143 and Federal Circuit Rule 17(b)(1), a Certified List is this day being forwarded to the Federal Circuit.

Kristi L. R. Sawert and William LaMarca are the attorneys representing the Director in this appeal. Appellant must contact Ms. Sawert or Mr. LaMarca at 571-272-9035 to arrange for designating the record pursuant to Federal Circuit Rule 30.

Respectfully submitted,

Teresa Stanek Rea
Deputy Director of the United States
Patent and Trademark Office

Date: October 21, 2013          By: _Laura J. Peterson_
                                    Laura J. Peterson
                                    Paralegal Specialist
                                    Office of the Solicitor
                                    Mail Stop 8, P.O. Box 1450
                                    Alexandria, Virginia 22313-1450
                                    571-272-9035

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of October, 2013, a

true and correct copy of the foregoing Notice Forwarding Certified List has been

served by first class mail, postage prepaid, on counsel for Appellant as follows:

Thomas P. Pavelko
NOVAK DRUCE CONNOLLY BOVE & QUIGG, LLP
1875 Eye Street, NW
Washington, DC  20006


Laura J. Peterson
Paralegal Specialist



## United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/827,650 | 06/30/2010 | Edward Beverly Morrison | 18196.0006.REUS01 | 5461 |

65761     7590     07/18/2013
SAN FRANCISCO OFFICE OF
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
1000 LOUISIANA STREET
FIFTY-THIRD FLOOR
HOUSTON, TX 77002

| EXAMINER |
|---|
| PATIDAR, JAY M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2858 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/18/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentgroup@novakdruce.com
amy.schlimgen@novakdruce.com
andrea.beck@novakdruce.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex parte* EDWARD BEVERLY MORRISON,
PETR VALENTINOVICH KUZMIN, and PAVEL TISHIN

_____

Appeal 2012-012266
Application 12/827,650
Patent 7,157,914 B2
Technology Center 2800

_____

Before MAHSHID D. SAADAT, DENISE M. POTHIER,
and JEFFREY S. SMITH, *Administrative Patent Judges*.

SAADAT, *Administrative Patent Judge*.

DECISION ON APPEAL[1]

Appellants appeal under 35 U.S.C. § 134(a) from the rejection of claims 28-36 as lacking an error correctable by reissue. We have jurisdiction under 35 U.S.C. § 6(b).

We affirm.

_____

[1] An Oral Hearing for this appeal was held on February 4, 2013.

Appeal 2012-012266
Application 12/827,650

## STATEMENT OF THE CASE

### *Introduction*

Appellants' invention relates to a Time Domain Electromagnetic (TDEM) surveying method having improved sensor resolution. (*See* Spec. col. 3, ll. 25-26).

### *Exemplary Claim*

28.    A method for providing a tow assembly for an electromagnetic airborne survey system at an assembly location, comprising:

providing a plurality of hollow transmitter support frame sections;

providing a transmitter coil for generating a primary magnetic field;

providing connector cables and a tow cable; and

assembling the transmitter support frame sections and the transmitter coil and the cables to provide a tow assembly having a flexible hollow transmitter support frame that is circular or approximates a circle having the transmitter coil disposed within the hollow transmitter support frame and formed from serially connecting the transmitter support frame sections, with the connector cables each having a first end connected to a respective location on a circumference of the transmitter support flame and a second end connected to a first end of die tow cable.

### *The Rejection*

Claims 28-36 stand rejected under 35 U.S.C. § 251 for lack of defect or error in the original patent and as not being an error correctable by reissue. (*See* Ans. 5-6).

2

Appeal 2012-012266
Application 12/827,650

# FINDINGS OF FACT

## Prosecution History

1.      Appellants filed U.S. Application No. 10/716,813 ("813 Application") on Nov. 20, 2003.

2.      On May 8, 2006, the Examiner required restriction to three patentably distinct groups of claims as follows:

> I.      Claims 1, 3-10, 12, 13, 15-28, 32, and 33, drawn to a method and apparatus using a tow assembly, the assembly comprising a flexible frame, the receiver flexibly connected to a receiver support frame and a dual mode gain amplifier, classified in class 324, subclass 330.

> II.      Claim 29, drawn to a computer program comprising a computer readable medium and instructions to operate a general electromagnetic antenna assembly, classified in class 702, subclass 5.

> III.      Claims 30, 31, 34, and 35, drawn to trailing airborne surveying systems having specific antenna structures, classified in class 343, subclass 707.

3.      On August 18, 2006, Appellants filed a response to the Examiner's Restriction Requirement and elected to prosecute the claims of group I.  Appellants did indicate that "[t]his election/restriction is made by the Applicant without prejudice to the right to file one or more divisional applications comprising the subject matter of species (II) or (III)."  However, no such divisional application was filed.

4.      On January 2, 2007, Application 10/716,813 issued as U.S. Patent 7,157,914 ("914 Patent") including claims 1, 3-10, 12, 13, 15-28, 32, and 33 (renumbered as claims 1-27).

5.      On December 23, 2008, Appellants filed reissue U.S. Application No. 12/343,321 ("Reissue Application").

Appeal 2012-012266
Application 12/827,650

6.      In U.S. Application No. 12/343,321, claims 1-27 were claims 1, 3-10, 12, 13, 15-28, 32, and 33 of 813 Application and newly added claims 28-33 were directed to a method for providing a tow assembly.

7.      On December 10, 2009, the Examiner required restriction to one of the following two inventions:

>      I.      Claims 1-27, drawn to a method and apparatus for airborne electromagnetic surveying and circuitry therefor, classified in class 324, subclass 330.

>      II.      Claim 28-33, drawn to an antenna for a tow assembly, classified in class 343, subclass 707.

8.      On March 10, 2010, Appellants filed a response to the Examiner's Restriction Requirement and elected to prosecute the claims of group I.

9.      On June 30, 2010, Appellants filed (as a divisional of Application 12/343,321) reissue U.S. Application No. 12/827,650 containing claims 28-36 alleging error as follows:

> in overlooking embodiments of my invention which pertain to a method for providing a tow assembly for an electromagnetic airborne survey system at an assembly location, comprising: providing a plurality of transmitter support frame sections, a transmitter coil for generating a primary magnetic field, connector cables and a tow cable and assembling the transmitter support frame sections and the transmitter coil and the cables to provide a tow assembly having a transmitter support frame that is circular or approximates a circle bearing the transmitter coil and formed from serially connecting the transmitter support flame sections, with the connector cables each having a first end connected to a respective location on a circumference of the transmitter support frame and a second end connected to a first end of the tow cable.

10.      On August 24, 2011, the Examiner finally rejected claims 28-36 under 35 U.S.C. § 251 as being improper for reissue.

4

Appeal 2012-012266
Application 12/827,650

11.    On February 23, 2012, Appellants filed an appeal of the Examiner's final rejection.

*The Examiner's Rejection*

12.    The Examiner found that a restriction requirement had been made during prosecution of application for the 914 Patent between Groups I, II, and III, where Appellants elected without traverse to prosecute the invention of claims Group I including claims 1, 3-10, 12, 13, 15-28, 32, and 33 of the 813 Application and "never filed any divisional applications covering such non-elected species" (Ans. 5).

13.    The Examiner found further that

> The claims of the present divisional reissue application read on or are broader versions of the claims in Group III (claims 30, 31, 34 and 35) of the '813 application and thus cover the primary features of the Group, i.e., the specific features of the antenna structures of the towed assembly. Alternatively, *if these divisional reissue claims were presented in the '813 application during prosecution thereof, they would also have been subject to the same restriction by either being placed in Group III or in a separate group* for similar reasons for restriction from Group I. Thus, the present claims should have been presented in a divisional application to the parent application.

(Ans. 5-6) (Emphasis added).

14.    The Examiner concluded that "failure of Applicants to file a divisional application during the pendency of the '813 application (which later issued to the '914 patent) does not amount to an error correctable by reissue" (Ans. 6).

*Issues on Appeal*

1.    Is the failure to present claims 28-36 during the prosecution of the 914 Patent an error that can be corrected by reissue?

Appeal 2012-012266
Application 12/827,650

2.    Are appealed claims 28-36 of reissue U.S. Application No.
12/827,650 substantially identical to claims of the non-elected groups
identified in the Examiner's restriction requirement during the prosecution
of the 914 Patent?

PRINCIPLES OF LAW

The section of the patent statute providing for correction of errors in a
patent by reissue of the patent reads, in relevant part:

> Whenever any patent is, through error, deemed wholly or partly
> inoperative or invalid . . . by reason of the patentee claiming
> more or less than he had a right to claim in the patent, the
> Director shall, on the surrender of such patent and the payment
> of the fee required by law, reissue the patent for the invention
> disclosed in the original patent.

35 U.S.C. § 251, first paragraph.

"[T]he whole purpose of the [reissue] statute, so far as claims are
concerned, is to permit limitations to be added to claims that are too broad or
to be taken from claims that are too narrow." *In re Weiler*, 790 F.2d 1576,
1580 (Fed. Cir. 1986) (quoting *In re Handel*, 312 F.2d 943,948 (CCPA
1963)).

The *"Orita* doctrine" precludes applicants from obtaining by reissue
claims which, because of a requirement for restriction in which they had
acquiesced, they could not claim in their patent. *In re Orita,* 550 F.2d 1277,
1280 (CCPA 1977).

When applicants acquiesce in the Examiner's requirement for
restriction, such action manifestly is not "error" causing patentee to claim
"less than he had a right to claim in the patent" in the language of 35 U.S.C.
§ 251. *Id.* 550 F.2d at 1280.

Appeal 2012-012266
Application 12/827,650

The so-called *Orita* doctrine precludes reissue applicants from obtaining substantially identical claims to those of non-elected groups identified in an Examiner's restriction requirement when such claims could not have been prosecuted in the application from which they were restricted. *In re Doyle,* 293 F.3d 1355, 1359 (Fed. Cir. 2002).


ANALYSIS

We have reviewed the Examiner's rejection in light of Appellants' contentions that the Examiner has erred. We disagree with Appellants' conclusions. We agree with the Examiner that with respect to claims 28-36 on appeal, the patent resulting from the prosecution of the 813 Application was error-free.

Appellants argue that the Examiner erred in failing to recognize that the present claims "to the 'method for providing a tow assembly,' which were never part of the subject matter claimed during the prosecution of the original '914 patent . . . [and] were never held to be patentably distinct during the prosecution of the '813 application" (App. Br. 5). Appellants conclude that, contrary to the decision in *Weiler*, 790 F.2d at 1579, failure to file a divisional application to the non-elected Groups in the original '813 application has no bearing on the present reissue claims which were "not 'non-elected' in that application" (*id.*).

According to Appellants (App. Br. 11), "in the instant reissue application, claims to an overlooked invention were never filed in the original application," and therefore, relate to a situation different from that of *Orita*, 550, F.2d at 1280 (the failure to file a timely divisional application to non-elected subject matter is not error correctable by reissue). Moreover,

Appeal 2012-012266
Application 12/827,650

Appellants argue that "*Orita* does <u>not</u> address the situation in which an invention that was fully disclosed in an original application for patent . . . was overlooked by the applicant through error without deceptive intent" (Reply Br. 11).

We disagree.  The critical issue is the relation of the subject matter of newly presented claims 28-36 to the subject matter covered by Groups I - III of the restriction requirement of the 813 Application.  Contrary to Appellants' arguments that appealed claims 28-36 "could never be a part of any restriction requirement promulgated in that original application, because there were no claims to that invention" (*id.*), appealed claims 28-36 are substantially identical claims to those of nonelected Group III (claims 30, 31, 34, and 35) identified in the Examiner's restriction requirement of the 813 Application.  As stated above, the reissue claims asserted in *In re Orita* did not just read on nonelected subject matter, but rather were "substantially identical to those non-elected in [the] application." *Orita*, 550 F.2d at 1280. Therefore, presently appealed claims 28-36 could not have been prosecuted in the 813 Application from which their invention (Group III, including claims 30, 31, 34, and 35) was restricted.

In the following table, we compare the subject matter of claim 28 of the present reissue Application to the subject matter of claim 34 of the 813 Application, grouped in the non-elected Group III.  We note the nominal recitation of "a method for providing" followed by steps of "providing" and "assembling" in claim 28 of the present application, but see no substantial difference with respect to the scope and the structural features between the claims.

Appeal 2012-012266
Application 12/827,650

|  | Reissue Application No. 12/827,650 Claim 28 | Application No. 10/716,813 Non-Elected Claim 34 |
|---|---|---|
| 1 | A method for providing a *tow assembly for* an electromagnetic *airborne survey system* at an assembly location, comprising: | A *tow assembly apparatus for airborne* time domain electromagnetic *surveying* comprising:<br>. . .<br>the transmitter section can be assembled and disassembled . . . |
| 2 | providing *a plurality of hollow transmitter support frame sections*;<br>. . .<br>to provide *a tow assembly having a flexible hollow transmitter support frame* . . . | (a) A *flexible support frame* including:<br>(i) *A transmitter section* having a central axis and *consisting of a plurality of interconnectable transmitter section frame members*, such that the transmitter section can be assembled and disassembled, and the transmitter section frame members define a polygonal profile; and |
| 3 | providing *a transmitter coil* for generating a primary magnetic field; | Wherein the transmitter section houses an elastically suspended *transmitter coil* |
| 4 | providing *connector cables* and a tow cable; | Wherein the transmitter section and the receiver section arc connected by means of *a plurality of connecting cables* |
| 5 | with *the connector cables each having a first end connected to a respective location on a circumference of the transmitter support frame and a second end connected to a first end of the tow cable.* | Wherein *the tow assembly apparatus is connected to the aircraft by means of at least one cable means connected to the transmitter section at a plurality of points*; |

Appeal 2012-012266
Application 12/827,650

A comparison of the subject matter of method claim 28 of the present reissue Application 12/827,650 to the subject matter of apparatus claim 34 of the 813 Application leads us to a similar invention in that there is no substantial difference between the claims even though they are directed to different statutory categories. In this case, these claims are simply not patentably distinct. Under *Orita*, of course, there is no correctable error in failing to prosecute divisional applications on inventions of the non-elected groups identified by the Examiner in the original restriction requirement.

We also disagree with Appellants that failure to file a divisional application to the non-elected Groups in the original 813 Application has no bearing on the present reissue claims which were "not 'non-elected' in that application" (App. Br. 5). That is, had they been presented in the original application, appealed claims 28-36 would also have been subjected to the same restriction by either being placed in Group III or in a separate group for similar reasons for restriction from Group I. Consistent with the decision in *Weiler*, 790 F.2d at 1579, even if the present reissue claims were "not 'non-elected'" in the 813 Application, we agree with the Examiner that failing to file divisional applications on the subject matter to which the *claims had never been presented*, similar to failing to file divisional applications on subject matter to which *claims had been made in the original application* would not have been "error" as set forth in § 251 (*see* Ans. 10).

We conclude that as a matter of law, the "Orita doctrine" precludes Appellants from obtaining by reissue the claims on appeal.

Appeal 2012-012266
Application 12/827,650

## CONCLUSION

The Examiner did not err in rejecting claims 28-36 as being improper for reissue.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).

<u>AFFIRMED</u>

ELD

11

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

October 21, 2013
(Date)

**THIS IS TO CERTIFY** that the attached document is a list of the contents of the electronic file of the Patent Reissue Application identified below; said contents comprising the record before the United States Patent and Trademark Office for the matter of:

| | |
|---|---|
| **Applicants:** | **Edward Beverly MORRISON**<br>**Petr Valentinovich KUZMIN**<br>**Pavel TISHIN** |
| **Application No.:** | **12/827,650** |
| **Filed:** | **June 30, 2010** |
| **Title of Invention:** | **Airborne Electromagnetic Time Domain System, Computer Product and Method** |



By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE

*Laura J. Peterson*

*Certifying Officer*

**Prosecution History for Application No. 12/827,650**

| Date | Description |
|------|-------------|
| 06-30-2010 | Transmittal of Reissue Application |
| 06-30-2010 | Abstract |
| 06-30-2010 | Specification |
| 06-30-2010 | Drawings |
| 06-30-2010 | Claims |
| 06-30-2010 | Preliminary Amendment |
| 06-30-2010 | Information Disclosure Statement (IDS) |
| 06-30-2010 | Fee Worksheet |
| 06-30-2010 | Reissue Application Fee Transmittal |
| 06-30-2010 | Power of Attorney |
| 06-30-2010 | Assignee Showing of Ownership per 37 C.F.R. § 3.73. |
| 06-30-2010 | Consent of Assignee Accompanying the Declaration |
| 06-30-2010 | Reissue Declaration |
| 07-08-2010 | Filing Receipt |
| 07-13-2010 | Filing Receipt |
| 07-22-2010 | Corrected Preliminary Amendment and Request for Corrected Filing Receipt |
| 08-13-2010 | Examiner's Search Strategy and Results |
| 08-20-2010 | Non-Final Office Action |
| 08-20-2010 | List of References Cited by Examiner |
| 08-20-2010 | Index of Claims |
| 08-20-2010 | Search Information Including Classification, Databases and Other Search Related Notes |
| 08-20-2010 | Bibliographic Data Sheet |
| 08-20-2010 | Examiner's Search Strategy and Results |
| 08-20-2010 | List of References Cited by Applicant and Considered by Examiner |
| 12-03-2010 | Examiner Interview Summary Record |
| 12-20-2010 | Information Disclosure Statement (IDS) |
| 12-20-2010 | Supplemental Declaration for Reissue Application |
| 12-20-2010 | Response to Non-Final Office Action |

| Date | Description |
|------|-------------|
| 12-20-2010 | Fee Worksheet |
| 12-22-2010 | Corrected Filing Receipt |
| 05-09-2011 | Non-Final Office Action |
| 05-09-2011 | Index of Claims |
| 05-09-2011 | List of References Cited by Applicant and Considered by Examiner |
| 08-09-2011 | Response to Non-Final Office Action |
| 08-24-2011 | Final Rejection |
| 08-24-2011 | Index of Claims |
| 12-15-2011 | Applicant-Initiated Interview Summary |
| 12-15-2011 | Office Action Appendix (Notes for Interview in Appl. Serial No. 12/827,650) |
| 12-15-2011 | Office Action Appendix (E-mail dated November 25, 2011) |
| 12-23-2011 | Notice of Appeal |
| 12-23-2011 | Applicant Summary of Interview with Examiner |
| 12-23-2011 | Fee Worksheet |
| 02-23-2012 | Appeal Brief |
| 02-23-2012 | Fee Worksheet |
| 02-27-2012 | Submission Under 37 C.F.R. § 1.28(c)(1) and (2) |
| 06-15-2012 | Examiner's Answer |
| 06-15-2012 | Search information including classification, databases and other search related notes |
| 08-14-2012 | Request for Oral Hearing |
| 08-14-2012 | Reply Brief |
| 08-14-2012 | Fee Worksheet |
| 09-18-2012 | Appeal Docketing Notice |
| 10-24-2012 | Information Disclosure Statement (IDS) |
| 10-24-2012 | Fee Worksheet |
| 11-28-2012 | Notification of Appeal Hearing |
| 12-06-2012 | Confirmation of Hearing by Appellant |
| 12-12-2012 | Notification of Appeal Hearing |
| 12-28-2012 | Confirmation of Hearing by Appellant |
| 06-06-2013 | Transcript of Oral Hearing Held on February 4, 2013 |
| 07-18-2013 | PTAB Decision - Affirmed |

| Date | Description |
|------|-------------|
| 09-13-2013 | Notice of Appeal to U.S. Court of Appeals for the Federal Circuit |